# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

_Kathy Ellerbee_

| | |
|---|---|
| LESSIE ANDERSON, BURNICE CRETCHER BRENDA GETER, BRENDA HARRIS, LISA HILLMAN-JACKSON, DEXTER JACKSON, ELLA LYONS, MATTIE MEADOWS, DARLETTA WHITE, WANDA COLEY, WILLIE FORD and DIANN FREEMAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br><br> vs. <br><br> CAGLES, INC., KEYSTONE FOODS, LLC, and CAGLES-KEYSTONE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT OF 1938** <br><br> JUDGE SANDS <br><br> 1:00-CV-166-2(WLS) |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Lessie Anderson, Burnice Cretcher, Brenda Geter, Brenda Harris, Lisa Hillman-Jackson, Dexter Jackson, Ella Lyons, Mattie Meadows, Darletta White, Wanda Coley, Willie Ford and Diann Freeman (collectively, "Named Plaintiffs") on behalf of themselves and all others similarly situated, by and through their attorneys, allege for their Complaint as follows:

## I.      INTRODUCTION

1.      Named Plaintiffs bring this action against Cagles, Inc., Keystone Foods, LLC and Cagles-Keystone (collectively "Defendants") for legal relief to redress unlawful violations of the Named Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201,



et seq., and specifically the collective action provision of the Act found § 216(b), to remedy violations of the wage provisions of the FLSA by Defendants. These violations have deprived the named Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful wages. This suit is brought on behalf of the named Plaintiffs and all others similarly situated pursuant to § 216 (b) of the FLSA.

2.      Other current and former employees of Defendants are also entitled to receive their proper hourly unpaid wage and/or overtime compensation for the reasons alleged in this Complaint. The above-named Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b). Named Plaintiffs have contemporaneously filed with this Complaint a Notice of Filing of 11 Consents to Become a Party Plaintiff. Attached as Exhibit A are 11 Consents to Become Party Plaintiff.

3.      This action is brought to recover unpaid hourly and overtime compensation owed to the Named Plaintiffs and all current and former employees of Defendants who are similarly situated to the Plaintiffs, pursuant to the FLSA. The Named Plaintiffs are or have been employed at the Cagles-Keystone plant located in Camilla, Georgia. The collective group of similarly situated individuals are or have been employed at Cagles-Keystone's Camilla, Georgia plant and/or are or have been employed at Cagles facilities located in:  Macon, Georgia; Pine Mountain Valley, Georgia; Lovejoy, Georgia; Bucknell, Georgia; Atlanta, Georgia; Colinsville, Alabama; Albany, Kentucky and/or Franklin, Kentucky.

4.      Defendants have committed violations of the FLSA by requiring their hourly

employees to work off-the-clock on a daily basis without compensation. Specifically, employees are required to report to work prior to the start of their shift in order to dress in protective clothing. Employees are also required to remain beyond the close of their shift to remove protective clothing. Employees are also denied full breaks and lunch periods due to the requirement that they put on and remove protective clothing before exiting and re-entering their respective work departments. Employees are also denied full breaks and lunch periods due to the requirement that they remain on the line, after their break or lunch has started, until they have processed the last chicken on the line.

5.      Named Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 126(b).

## II.    PARTIES

### A.   NAMED PLAINTIFFS

6.      Named Plaintiff Lessie Anderson is a resident of Camilla, Georgia and is a citizen of the United States. Ms. Anderson has been employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant since January 1996. At all relevant times, Plaintiff Anderson has been an employee of Defendants within the meaning of the FLSA.

7.      Named Plaintiff Burnice Cretcher is a resident of Camilla, Georgia and is a citizen of the United States. Ms. Cretcher has been employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant since December 1995. At all relevant times, Plaintiff Cretcher has been an employee of Defendants within the meaning of the FLSA.

8.      Named Plaintiff Brenda Geter is a resident of Camilla, Georgia and is a citizen of the

3

United States.   Ms. Geter has been employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant since August 1998. At all relevant times, Plaintiff Geter has been an employee of Defendants within the meaning of the FLSA.

9.     Named Plaintiff Brenda Harris is a resident of Macon, Georgia and is a citizen of the United States. Ms. Harris has been employed at Cagles' Macon, Georgia plant since September 1984. Ms. Harris currently works on the saw line in the day pack department. Ms. Harris also worked in the freezer for several years. At all relevant times, Plaintiff Harris was an employee of Defendants within the meaning of the FLSA.

10.     Named Plaintiff Lisa Hillman-Jackson is a resident of Irwinton, Georgia and is a citizen of the United States. Ms. Hillman-Jackson has been employed at Cagles' Macon, Georgia plant since November 1991. Over the past four years, Ms. Hillman-Jackson has worked in the de-bone department. Prior to working in the de-bone department, Ms. Hillman-Jackson worked in the dark meat department.   At all relevant times, Plaintiff Hillman-Jackson was an employee of Defendants within the meaning of the FLSA.

11.     Named Plaintiff Dexter Jackson is a resident of Camilla, Georgia and is a citizen of the United States. Mr. Jackson has been employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant since January 1998.  At all relevant times, Plaintiff Jackson has been an employee of Defendants within the meaning of the FLSA.

12.     Named Plaintiff Ella Lyons is a resident of Camilla, Georgia and is a citizen of the United States. Ms. Lyons has been employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant since June 1987. At all relevant times, Plaintiff Lyons has been an employee of Defendants within the meaning of the FLSA.

4

13.     Named Plaintiff Mattie Meadows is a resident of Camilla, Georgia and is a citizen of the United States.  Ms. Meadows has been employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant since December 1995.  At all relevant times, Plaintiff Meadows has been an employee of Defendants within the meaning of the FLSA

14.     Named Plaintiff Darletta White is a resident of Camilla, Georgia and is a citizen of the United States.  Ms. White has been employed in the further processing department of Cagles-Keystone's Camilla, Georgia plant since January 1997.  At all relevant times, Plaintiff White has been an employee of Defendants within the meaning of the FLSA.

15.     Named Plaintiff Wanda Coley is a resident of Opelika, Alabama and is a citizen of the United States.  Ms. Coley was employed in the de-bone department of Cagles' Pine Mountain, Georgia plant from January 16, 1998 through September 28, 1998.  At all relevant times, Plaintiff Coley was an employee of Defendants within the meaning of the FLSA.

16.     Named Plaintiff Willie Ford  is a resident of Camilla, Georgia and is a citizen of the United States.   Mr. Ford was employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant from April 1997 though May 1999.  At all relevant times, Plaintiff Ford was an employee of Defendants within the meaning of the FLSA.

17.     Named Plaintiff Diann Freeman is a resident of Camilla, Georgia and is a citizen of the United States.  Ms. Freeman was employed in the de-bone department of Cagles-Keystone's Camilla, Georgia plant from March 1994 through June 2000.  At all relevant times, Plaintiff Freeman was an employee of Defendants within the meaning of the FLSA.

## B.   DEFENDANTS

18.   Defendant Cagles Inc. ("Defendant Cagles") is a corporation headquartered at 2000 Hills Avenue, N.W., Atlanta, Georgia, 30318 and doing business in the State of Georgia. Defendant Cagles runs chicken hatcheries and feed mills, chicken processing facilities (where chickens are plucked, eviscerated and chilled) and further chicken processing facilities (where chickens are cut, frozen and packaged). Defendant Cagles employees approximately 7,500 employees at its 15 processing and further processing plants in Georgia, Alabama, and Kentucky. Specifically, Cagles runs plants in: Camilla, Georgia; Macon, Georgia; Pine Mountain Valley, Georgia; Lovejoy, Georgia; Bucknell, Georgia; Atlanta, Georgia; Colinsville, Alabama; Albany, Kentucky and Franklin, Kentucky. These processing facilities consist of both Cagles' own independent facilities and jointly run venture partnerships. Defendant Cagles is a publicly traded company. At all times herein mentioned, Defendant Cagles authorized and ratified the conduct of its officers, directors, managing agents, servants and employees.

19.   Defendant Keystone Foods LLC ("Defendant Keystone") is a corporation headquartered at 401 City Avenue, Suite 800, Bala Cynwyd, Pennsylvania 19004 and doing business in the State of Georgia. Defendant Keystone is one of the largest national producers of hamburger meat and processed poultry and distributes its products throughout the United States and abroad. Defendant Keystone employs approximately 4,500 employees. Defendant Keystone is a publicly traded company. Defendant Keystone is a joint venture partner with Cagles and jointly runs the Cagles-Keystone chicken processing plant in Camilla, Georgia. At all times herein mentioned, Defendant Keystone authorized and ratified the conduct of its officers, directors, managing agents, servants and employees.

6

20.     The Cagles-Keystone plant in Camilla Georgia is a joint venture partnership chicken processing facility run by Defendant Cagles and Defendant Keystone ("Defendant Cagles-Keystone"). At all times herein mentioned, Defendant Cagles-Keystone authorized and ratified the conduct of its officers, directors, managing agents, servants and employees.

21.     At all times mentioned herein, where Plaintiffs refer collectively to "Defendants," such reference includes Defendant Cagles, Defendant Keystone and Defendant Cagles-Keystone.

22.     Defendants employ approximately 2,060 employees at their joint venture chicken processing plant in Camilla, Georgia.

19.     Defendants maintain either actual or constructive control, oversight, and direction over the operation of its individual plants, including their employment practices.

20.     Defendants are subject to the personal jurisdiction of the State of Georgia for purposes of this lawsuit.

21.     At all times material to this action, Defendants have been enterprises engaged in commerce or in the production of goods for commerce as defined by the § 203(s)(1) of the FLSA, and have each averaged gross yearly volume sales in excess of $500,000.

22.     At all times material to this action, Defendants have been employers of the named Plaintiffs, as defined by § 203 (d) of the FLSA.

### III.   JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§ 1331 (federal question jurisdiction); and Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

24.     Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b)-(c).

7

IV.  **VIOLATIONS OF THE FLSA**

25.     Defendants require employees to work off-the-clock and do not properly compensate employees in violation of the FLSA and the applicable federal regulations. Defendants have intentionally and repeatedly engaged in a practice of improperly failing to pay their hourly employees including, but not limited to, hourly employees in their de-bone, further processing, day pack departments, and hourly employees who work in the freezer, in violation of the provisions of the FLSA and corresponding federal regulations.

26.     Defendants have intentionally and repeatedly engaged in the practice of clocking-in their hourly employees approximately fifteen minutes after hourly employees are required to report to work and clocking-out these hourly employees approximately fifteen minutes before hourly employees are free to leave work for the day.  Specifically, Defendants have intentionally and repeatedly engaged in the practice of dictating that hourly employees, including Plaintiffs Lessie Anderson, Burnice Cretcher, Brenda Geter, Brenda Harris, Lisa Hillman-Jackson, Dexter Jackson, Ella Lyons, Mattie Meadows, Darletta White, Wanda Coley, Willie Ford and Diann Freeman, and all other similarly situated hourly employees, report to work approximately 15 minutes prior to the start of their shift to put on protective clothing and remain at work approximately 15 minutes after the close of their shift to take off protective clothing.

27.     Defendants have also denied these hourly employees full breaks and lunch periods by requiring that they remove protective clothing before exiting their respective work departments, during which time employees are clocked-out and are on break. Defendants also require employees to put on protective clothing prior to returning to their respective work departments, during which time employees are clocked-out and are on break.

8

28.     Defendants have also denied these hourly employees full breaks and lunch periods by requiring that these employees remain on the line, after their break or lunch has started, until they have processed the last chicken on the line.

29.     Defendants have also violated their duties as defined by the applicable federal regulations, by unlawfully accepting the benefits of their employees' off-the-clock work and by refusing to properly compensate them.

## V.    SCOPE OF DEFENDANTS' LIABILITY

30.     There are potentially thousands of similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of a Court-Supervised Notice of the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and could be located through Defendants' records.  Specifically, notice should be sent to all current and former employees of Defendants' Cagles-Keystone facility in Camilla, Georgia and Defendant Cagles' other 14 processing or further processing plants who, at any time during the three years preceding the filing date of this Complaint (up through and including the date of this Court's issuance of Court-Supervised Notice) have been classified as hourly employees and worked "off-the-clock," as described above, without receiving their proper wages.

## VI.   COUNT ONE

31.     The Plaintiffs repeat and incorporate by reference to the allegations in paragraphs 1-30 herein. By its actions alleged herein, Defendants have willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

32.     Defendants have willfully and intentionally engaged in a widespread pattern and

9

practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate the Named Plaintiffs and other present and former, similarly situated employees in accordance with § 207 of the FLSA.

33.     As a result of Defendants' violations of the FLSA, Named Plaintiffs Lessie Anderson, Burnice Cretcher, Brenda Geter, Brenda Harris, Lisa Hillman-Jackson, Dexter Jackson, Ella Lyons, Mattie Meadows, Darletta White, Wanda Coley, Willie Ford and Diann Freeman, as well as all others similarly situated, have suffered damages by failing to receive overtime wages in accordance with § 207 of the FLSA.

34.     Defendants have made no good faith effort to comply with the FLSA with respect to its compensation of the Named Plaintiffs and other hourly employees similarly situated.

35.     As a result of the unlawful acts of Defendants, Named Plaintiffs and all hourly employees similarly situated have been deprived of their rightful hourly and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys fees, costs, and other compensation.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, the named Plaintiffs, individually and on behalf of all other hourly employees similarly situated, pursuant to § 216(b) of the FLSA, pray for the following relief:

A.     That, at the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed in an hourly position by the Defendants at the Cagles-Keystone facility in Camilla, Georgia and

10

Defendant Cagles' other 14 processing or further processing plants located in: Macon, Georgia; Pine Mountain Valley, Georgia; Lovejoy, Georgia; Bucknell, Georgia; Atlanta, Georgia; Colinsville, Alabama; Albany, Kentucky and/or Franklin, Kentucky. Such notice shall inform them that this action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they worked "off the clock" or in excess of forty hours in a week, during the liability period, but were not paid overtime, pursuant to 29 U.S.C. § 216(b).

B.      That all Named Plaintiffs and opt-in plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages and/or prejudgment interest;

C.      Reasonable attorneys' fees;

D.      The costs and expenses of this action; and

E.      Such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted this 21st day of September, 2000.

DAVID SANFORD, D.C. Bar No. 457933
TIMOTHY B. FLEMING, D.C. Bar No. 351114
S. NICOLE NARDONE, CAL Bar No. 188400
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
1621 CONNECTICUT AVENUE, N.W.
SUITE 400
WASHINGTON, D.C. 20009
(202) 238-0960
(202) 238-0968 (facsimile)

11

ROBERT WIGGINS, AL Bar No. WIG001
ROBERT CHILDS, AL Bar No. 419622223
**GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
1400 SOUTHTRUST TOWER
BIRMINGHAM, ALABAMA 35203
(205) 328-0640
(205) 254-1500 (facsimile)
GRANT MORRIS, ESQ. D.C. Bar No. 926253
**LAW OFFICES OF GRANT MORRIS**
1621 CONNECTICUT AVENUE, N.W.
SUITE 450
WASHINGTON, D.C. 20009
(202) 319-1672

DONALD SWEAT, GA Bar No. 694625
**GARDNER, WILLIS, SWEAT & GOLDSMITH**
2408 WEST GATE BOULEVARD
ALBANY GEORGIA 31707
(912) 883 2441
(912) 888 8148 (facsimile)
Attorneys for Plaintiffs

A

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.    I hereby consent and agree to pursue my claims against _Cagle's_ arising out of federal wage and hour laws in the proposed lawsuit.

2.    I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with _Cagle's_. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.    I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: _____        _Lessie Anderson_
                                     (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009.  A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.      I hereby consent and agree to pursue my claims against _Cagles_ arising out of federal wage and hour laws in the proposed lawsuit.

2.      I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with _Cagles_. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.      I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: _6-31-00_                    _Denise Oretcher_
                                   (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C.  20009.  A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.    I hereby consent and agree to pursue my claims against _Cagles_ arising out of federal wage and hour laws in the proposed lawsuit.

2.    I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with _Cagles_. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.    I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: ___6-21-00___          _Brenda Getu Jackson_
                             (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C.  20009.  A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.  I hereby consent and agree to pursue my claims against _Cagle_ arising out of federal wage and hour laws in the proposed lawsuit.

2.  I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with _Cagles_ . I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.  I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: _August 22, 2000_          _Brenda G. Harris_
                                  (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009. A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.  I hereby consent and agree to pursue my claims against _____Cagles'_____ arising out of federal wage and hour laws in the proposed lawsuit.

2.  I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with ____Cagles'____. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.  I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: ___August 22, 2000___        ___Lisa Hillman-Jackson___
                                    (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009. A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.    I hereby consent and agree to pursue my claims against *Cagles* arising out of federal wage and hour laws in the proposed lawsuit.

2.    I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with *Cagles*. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.    I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date:   June 21, 2000                    _____
                                         (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C.  20009.  A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.  I hereby consent and agree to pursue my claims against _Caylen_ arising out of federal wage and hour laws in the proposed lawsuit.

2.  I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with _Caylen_. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.  I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: _6/21/2000_          _Ella R. Lyons_
                           (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009. A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.  I hereby consent and agree to pursue my claims against _Cagles_ arising out of federal wage and hour laws in the proposed lawsuit.

2.  I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with _Cagles_. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.  I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: _6-21-2000_                    _Mattie Meadows_
                                       (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009. A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.  I hereby consent and agree to pursue my claims against ___*Eagles*___ arising out of federal wage and hour laws in the proposed lawsuit.

2.  I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with ___*Eagles*___. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.  I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: ___*6-21-00*___                    ___*Darlette White*___
                                        (Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009. A pre-addressed, stamped envelope is enclosed for your convenience.

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. §216 (b)

1.    I hereby consent and agree to pursue my claims against Cagles, Inc. and related companies arising out of federal wage and hour laws in the proposed lawsuit.

2.    I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with Cagles, Inc. and related companies.  I hereby consent, agree, and opt-in to become party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.    I hereby designate Gordon, Silberman, Wiggins and Childs, and the Law Office of Grant Morris to represent me in the proposed suit.

Date: _9-1-2000_

_Wanda F Coley_
Signature

_Wanda F Coley_
Print Name

## CONSENT TO JOIN PURSUANT TO 29 U.S.C. § 216(b)

1.  I hereby consent and agree to pursue my claims against *Cagles & Keystone Foods* arising out of federal wage and hour laws in the proposed lawsuit.

2.  I understand and acknowledge that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., to secure unpaid minimum wages, liquidated damages, attorney's fees, costs, and other relief arising out of my employment with *Cagles/Keystone*. I hereby consent, agree, and opt-in to become a party plaintiff and to be bound by any settlement of this action or adjudication by the Court.

3.  I hereby designate Gordon, Silberman, Wiggins, and Childs, and the Law Office of Grant Morris to represent me in the proposed lawsuit.

Date: 6/21/00

*Diann C. Frieman*
(Signature)

Return to: Gordon, Silberman, Wiggins & Childs, 1621 Connecticut Avenue, N.W., Washington, D.C. 20009. A pre-addressed, stamped envelope is enclosed for your convenience.